UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JUSTIN DANIEL NISSEN, ) | |
| ) | |
| Plaintiff ) | |
| ) | No. 3:13-0842 |
| v. ) | Judge Trauger/Brown |
| ) | **Jury Demand** |
| COUNTY OF SUMNER, TENNESSEE; ) | |
| SONYA TROUTT; SONNY WEATHERFORD; ) | |
| LT. DAVID FITCH; OFFICER DERICK ) | |
| CASE; OFFICER RONALD HOPKINS, ) | |
| ) | |
| Defendants ) | |

## **INITIAL CASE MANAGEMENT ORDER**

Pursuant to Local Rule 16.01(d)(2), the following Initial Case Management Plan is **adopted**.

**A.  Jurisdiction:** The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

**B.  Brief Theory of the Plaintiff.**

> To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States and that the deprivation was caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).

Plaintiff Justin D. Nissen was arrested and taken to the Sumner County, Tennessee, jail (Jail) with a hand that had recently been broken. He completed the Sumner County Receiving Screening Form noting he had a "bad back" and "broke[n] hand." While bonding out the same day, August 26, 2012, he was taken from a holding cell to a cell in classification. Three officers, Case, Hopkins, and

Fitch, were functioning as a shift supervisor, a releasing officer and an officer on a 15-minute break.

A verbal altercation ensued, and Officers Case, Hopkins, and Lieutenant Fitch escalated to excessive force in violation of Plaintiff's Fourth Amendment Constitutional rights. Henceforth, when Inmate Nissen bonded out, he left not only with a reinjured broken hand, but two painfully newly sprained wrists and emotion distress of the traumatic incident.

According to the officers' own incident reports, which conflict in several key areas, they used painful methods to subdue Plaintiff, constituting illegal excessive use of force:

> (1) a pile of officers 'wrestled' on the floor with Plaintiff;; (20 putting a right arm in a 'key lock' and then applying more pressure to achieve pain compliance; (3) locked his right arm behind his back; (4) put his right arm in a 'chicken wing' hold; (5) grabbed his left arm; (6) placed his left wrist in a 'wrist lock'; (7) put him in a 'guillotine choke hold' securing left arm; (8) escorted him to the ground; (9) put left arm and hand in a 'pressure hold'; (10) took him to the ground with hands behind his back with nothing to break his fall; (11) pushed him against a wall; and (12) pointed a can of chemical weapon in his face.

Sumner County Jail Officer Incident Reports.

Officers were unaware or sadistically disregarded the vital medical information on the screening form, ignored his repeated screams that they were hurting him. They were deliberately, wantonly in reckless disregard of Plaintiff's physical safety and rights, not merely negligent. Only the force necessary to bring the situation under control should have been

2

used. Plaintiff responded to an officer pointing a can of deep freeze. Officers should have handcuffed the Plaintiff and locked him in a cell, or resorted to the chemical weapon earlier. The tactics used did not bring the situation under control, it escalated the conflict and caused physical and emotional harm to the Plaintiff.

Plaintiff has exhausted all administrative remedies. The Jail's internal investigation was superficial, yielding no satisfaction. Jail staff denied requested discovery information pretrial, *i.e.*, security camera tapes, which would have documented the brutality. Allegedly, just a few of the numerous security cameras in the area were operation al at the time of attacks, or without sound. Plaintiff demands judgment for compensatory and punitive damages for the unskillful, sadistic excessive use of force doled out by Officers Case, Hopkins, and Lieutenant Fitch, which shocks the conscience.

**C.   Defendants' Theory of the Case.** The Defendants admit that on August 25, 2012, Plaintiff was brought into the Sumner county Jail. The Defendants further admit that on his Receiving Form, Plaintiff stated he had a "broke hand" and also a "bad back."

On August 26, 2012, Plaintiff was housed behind the releasing officer. At this time, Plaintiff was verbally abusive to the officers and was acting out in his cell. Defendant Fitch informed Plaintiff to be quiet, but Plaintiff refused. Defendant

3

Fitch also informed Plaintiff that if he continued to be verbally abusive, he would be moved to the classification area. Plaintiff continued to be verbally abusive despite being told to cease such behavior.

Because of Plaintiff's abusive behavior, the Defendants tried to move him to the classification area. During the move, Plaintiff continued his verbal abuse and also began to behave aggressively. Plaintiff tried to kick one of the officers. In doing so, Plaintiff's shorts fell to his ankles, which caused him to trip and fall to the ground.

While on the ground Plaintiff continued his aggressive behavior. Plaintiff was brought back to his feet, but he continued to scream and try and kick the officers and Defendants. Because of Plaintiff's aggressive behavior, he was taken to the floor. Despite this, Plaintiff continued to resist until he was shown a can of the chemical spray the correctional officers use to obtain compliance. Plaintiff was never sprayed with the chemical agent.

The Defendants did not violate Plaintiff's constitutional rights. Plaintiff's aggressive behavior caused the Defendants to use the least amount of force necessary to protect themselves from Plaintiff's attempts at violence. Further, the Defendants state that Plaintiff did not suffer any injuries as alleged in his complaint.

Defendants Troutt and Weatherford have filed a Motion for Failure to State a Claim. As Plaintiff's complaint makes no allegations against them, the Defendants believe such a motion is proper.

    **D.**    **Issues Resolved.** Jurisdiction and venue.

    **E.**    **Issues Still in Dispute.** Liability and damages.

    **F.**    **Initial Disclosures.** Will not apply.

    **G.**    **Discovery**. The parties shall The parties shall complete all written discovery and depose all fact witnesses on or before **February 28, 2014**. Discovery is not stayed during dispositive motions, unless ordered by the Court. Local Rule 9(a)(2) is expanded to allow **40** interrogatories, including subparts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Magistrate Judge Brown.

    **H.**    **Motions to Amend.** The parties shall file all motions to amend on or before **December 6, 2013**.

    **I.**    **Disclosure of Experts.** The Plaintiff shall identify and disclose all expert witnesses and expert reports on or before **April 1, 2014**. The Defendants shall identify and disclose all expert witnesses and reports on or before **May 1, 2014.**

**J. Depositions of Expert Witnesses.** The parties shall depose all expert witnesses on or before **June 20, 2014.**

**K. Joint Mediation Report.** The parties shall submit a joint mediation report on or before **June 2, 2014**.

**L. Dispositive Motions.** Dispositive motions will be filed on or before **July 21, 2014**. Responses to dispositive motions shall be filed within **28 days** after service. Briefs shall not exceed **25 pages** without leave of Court. Optional replies, limited to **five pages**, shall be filed within **14 days** after service of the response. If dispositive motions are filed early, the response and reply dates are moved up accordingly.

Plaintiff is forewarned that dispositive motions must be responded to by **the dates stated**, unless an extension is granted by the Court, and that failure to respond timely may result in the Court taking the facts alleged in the matter as true and granting the relief requested. In responding, Plaintiff may not just rely on his complaint. Plaintiff must show there is a material dispute of fact with citation to the record, affidavits or other matter of evidence. Plaintiff should read and comply with Federal Rule of Civil Procedure 56 and Local Rule 56.01.

**M. Electronic Discovery.** The parties have reached agreements on how to conduct electronic discovery. Thus, the default standard contained in Administrative Order 174 need not

apply to this case. The Defendants have agreed to provide the video surveillance tapes of the incident subject to a protective as necessary to protect jail security.

**N. Miscellaneous Items.** The Plaintiff advised that he was receiving mail from the court and did not need certified mail, as this was causing him extra work. The **Clerk** will send materials from the court to the Plaintiff by regular mail only. The Plaintiff is cautioned that he must keep a current address on file with the Clerk at all times. Failure to maintain contact with the Clerk's office could result in a recommendation that his case be dismissed for failure to prosecute and obey court orders.

**O. Trial.** This jury trial is estimated to take two days and a trial date on or after December 8, 2014, is recommended. Judge Trauger will issue a separate order setting the date for trial and her requirements. The Magistrate Judge will set a date for the final pretrial conference and his requirements once the trial date is set.

It is so **ORDERED**.

/s/  Joe B. Brown  
JOE B. BROWN  
United States Magistrate Judge