UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JUSTIN DANIEL NISSEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil No. 3:13-0842 |
| v. | ) Judge Trauger/Magistrate Judge Brown |
| | ) Jury Demand |
| COUNTY OF SUMNER, TENNESSEE, | ) |
| SONYA TROUTT,[1] | ) |
| SONNY WEATHERFORD, | ) |
| LT. DAVID FITCH, | ) |
| OFFICER DERICK CASE, *and* | ) |
| OFFICER RONALD HOPKINS, | ) |
| | ) |
| Defendants. | ) |

To: The Honorable Aleta A. Trauger, United States District Judge

## REPORT AND RECOMMENDATION

Pending before the Court is Defendants Weatherford and Troutt's motion to dismiss Plaintiff's claims arising under 42 U.S.C. § 1983. (DE 12, 13).[2] For the reasons stated below, the Magistrate Judge **RECOMMENDS** that Defendants' motion to dismiss be **GRANTED** and Plaintiff's section 1983 claims against Defendants Weatherford and Troutt in their official and individual capacities be **DISMISSED**.

### I. FACTUAL AND PROCEDURAL HISTORY

On August 23, 2013, Plaintiff, proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983. (DE 1). Defendants Weatherford (Sumner County Sheriff) and Troutt (Sumner County Jail Administrator) are sued in their supervisory capacities for failure to train and supervise their subordinates, and Defendants Fitch, Case, and Hopkins (Sumner County Jail Correctional

---

[1] Although Plaintiff's complaint originally names Defendant "Trout," it appears the correct spelling is "Troutt." (DE 1, p. 2 ¶ 4).
[2] "DE" refers to Docket Entry.

1

Officers) are sued for their direct involvement in the alleged incident. (DE 1, p. 2 ¶¶ 4-5). According to Plaintiff, he had a pre-existing hand fracture when he was arrested and taken to Sumner County Jail on August 26, 2012. (DE 1, pp. 2-3 ¶¶ 6-9) (DE 4). Plaintiff claims he reported his hand injury and his "bad back" on the Sumner County Receiving Screening Form. (DE 1, p. 3 ¶¶ 10-11).

While Plaintiff was waiting to be released on bond, Plaintiff and several officers (Defendants Case, Hopkins, and Fitch) had a verbal altercation, which led to a physical struggle. (DE 1, pp. 3-4 ¶¶ 12-14). Plaintiff claims this altercation subjected him to pain in his already injured hand and sprained both of his wrists. (DE 1, p. 5). According to Plaintiff, Defendants disregarded his intake form and repeated verbal statements regarding his pain. (DE 1, p. 5). This conduct, according to Plaintiff, (1) constitutes excessive force and unreasonable seizure in violation of the Fourth and Fourteenth Amendments, (2) assault, (3) battery, and (4) a violation of 11-47-190[3] due to the officers' unskillfulness. (DE 1). Plaintiff further claims he exhausted his administrative remedies. (DE 1, pp. 8-9).

The District Judge referred the case to the Magistrate Judge on August 28, 2013. (DE 4). Plaintiff next moved to amend his complaint on September 4, 2013, only seeking to change the date "August 25, 2012" in the original complaint to "August 26, 2012." (DE 6). The Magistrate Judge granted this motion (DE 8), and it does not appear that Plaintiff thereafter filed an official amended complaint. Defendants Fitch, Case, Hopkins, and Sumner County, answered on September 13, 2013. (DE 11). On that same day, Defendants Weatherford and Troutt moved to dismiss Plaintiff's claims arising under section 1983. (DE 12, 13). Plaintiff responded to this

---

[3] It appears that Plaintiff is referring to Alabama's provision for municipality liability. Ala. Code § 11-47-190 (2014).

motion on October 29, 2013. (DE 25). Defendants Weatherford and Troutt replied on November 12, 2013. (DE 28). The pending motion to dismiss is properly before the Court.

## II. MOTION TO DISMISS

### A. Standard of Review: Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 8(a)(2) requires that pleadings contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This statement, however, must contain more than "labels and conclusions," but rather should set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). A plausible claim for relief provides "more than a sheer possibility that a defendant has acted unlawfully." *Mik v. Fed. Home Loan Mortgage Corp.*, 743 F.3d 149, 157 (6th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). The complaint is construed "in the light most favorable to the plaintiff[s]," and factual allegations made in the complaint are accepted as true. *Id.*; *Iqbal*, 556 U.S. at 678. Legal conclusions, however, are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 680.

Complaints filed *pro se* "are held to less stringent standards than those prepared by attorneys, and are liberally construed" when challenged with a motion to dismiss. *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004). This pleading "leniency . . . is not boundless." *Id.* at 714. Courts are not required to act on the *pro se* claimant's behalf, and not every case is guaranteed to make it to trial. *Id.* (citing *Erwin v. Edwards*, 22 Fed. App'x. 579, 580 (6th Cir. 2001); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Failure to state a plausible claim for relief shall result in dismissal. *Iqbal*, 556 U.S. at 680.

**B. Analysis**

To bring a claim under 42 U.S.C. § 1983, the claimant must allege that a person acting under the color of state law deprived him or her of a federal or constitutional right. *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009); *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005). According to Plaintiff, Defendants Weatherford and Troutt are properly named parties because

> [a]s this Statute provides for vicarious liability, the Sheriff (Sonny Weatherford) and Jail Administrator (Sonya Troutt) are also named as defendants as the agents' supervisor, commander, who can be shown to have provided inadequate training and/or supervision therefore also liable for the actions of the defendants.

(DE 1, p. 2 ¶ 4). Plaintiff further contends that

> [t]he use of force against the Plaintiff was the result of the policy, practice and custom of the *County of Sumner* to inadequately supervise and discipline law enforcement officers who use excessive force. An example of the policy practice and custom of [S]umner County to inadequately supervise and discipline law enforcement officers who use excessive force is when Plaintiff was tased at Sumner Regional Medical Center by a Sumner County correctional officer while restrained, handcuffed, shackled and previously sedated with a Haldol injection.

(DE 1, p. 6 ¶ 15(b)) (emphasis added). Defendants Weatherford and Troutt move this Court to dismiss Plaintiff's section 1983 claims against them in their official and individual capacities. (DE 12).

**1. Claims Against Defendants Weatherford and Troutt in Their Official Capacities**

A lawsuit against a public official in his or her official capacity is nothing more than a lawsuit against the official's office, so long as the office receives notice of and a chance to respond to the lawsuit. *Baar v. Jefferson Cnty. Bd. of Educ.*, 476 F. App'x 621, 634 (6th Cir. 2012); *Petty v. Cnty. of Franklin, Ohio*, 478 F.3d 341, 349 (6th Cir. 2007) ("To the extent that Petty's suit is against Karnes in his *official* capacity, it is nothing more than a suit against Franklin County itself."); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71

4

(1989); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."); *Brandon v. Holt*, 469 U.S. 464, 471–72 (1985); *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 n.55 (1978) ("[O]fficial-capacity suits generally represent only another way of pleading an action against [a local government] of which an officer is an agent."). Section 1983 claims may be maintained against municipalities, such as Sumner County, Tennessee. *See Kentucky*, 473 U.S. at 167 n.14.

Defendants Weatherford and Troutt are employed by Sumner County. (DE 1, p. 2 ¶¶ 4-5). By virtue of *Monell* and subsequent cases, claims against Defendants Weatherford and Troutt in their official capacities are, in essence, claims against Sumner County. As Plaintiff also named Sumner County as a defendant in this action, separate section 1983 claims against Defendants Weatherford and Troutt in their official capacities are redundant and should be dismissed. *See A.M.S. v. Steele*, 1:11-CV-298, 2012 WL 2130971, at *9 (S.D. Ohio June 8, 2012) *report and recommendation adopted*, 1:11CV298, 2012 WL 2931348 (S.D. Ohio July 18, 2012); *Lee v. Metro. Gov't of Nashville & Davidson Cnty.*, 3:06-0108, 2008 WL 501327, at *6 (M.D. Tenn. Feb. 21, 2008) (dismissing claims against a defendant in his official capacity when the municipality employer was also named a defendant). This recommendation does not, however, affect the section 1983 claims brought against Sumner County.

2. **Claims Against Defendants Weatherford and Troutt in Their Individual Capacities**

Section 1983 does not provide for liability under the theory of *respondeat superior*. *Iqbal*, 556 U.S. at 676; *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 470 (6th Cir. 2006) (citing *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003)). Negligence, too, is not a vehicle for § 1983 supervisory liability. *Doe ex rel. Doe v. City of Roseville*, 296 F.3d 431, 441 (6th Cir.

2002) (citation omitted). Supervisory liability cannot be based on inaction, but "must be based on [subordinates'] 'active unconstitutional behavior.'" *Id.* at 440 (discussing *Shehee v. Luttrell*, 199 F.3d 295 (6th Cir. 1999)); *see also McQueen*, 433 F.3d at 470.

For liability to attach to a supervisor's "failure to supervise, control or train the offending individual . . . the supervisor [must have] 'either encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Frodge v. City of Newport*, 501 F. App'x 519, 532 (6th Cir. 2012) (quoting *Shehee*, 199 F.3d at 300); *see also Colvin v. Caruso*, 605 F.3d 282, 292 (6th Cir. 2010); *Petty*, 478 F.3d at 349; *Combs v. Wilkinson*, 315 F.3d 548, 558 (6th Cir. 2002); *City of Roseville*, 296 F.3d at 440. "At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) (quoting *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 874 (6th Cir. 1982)); *see also Top Flight Entm't, Ltd. v. Schuette*, 729 F.3d 623, 634–35 (6th Cir. 2013).

Plaintiff's complaint against Defendants Weatherford and Troutt in their individual capacities does not meet the Rule 8(a)(2) pleading standards. The complaint merely sets forth conclusory allegations regarding Defendants Weatherford and Troutt's failure to supervise and train their subordinates (DE 1, p. 2 ¶ 4). This bare allegation contains insufficient factual support to survive a Rule 12(b)(6) motion to dismiss. The complaint further alleges use of excessive force at Sumner Regional Medical Center by a Sumner County correctional officer. (DE 1, p. 6 ¶ 15(b)). Unlike Plaintiff's first claim, the second names Sumner County the responsible party and does not indicate who was involved, when the alleged incident occurred, or whether Defendants Weatherford and Troutt "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Heyerman*, 680 F.3d at 647. Supervisory

liability does not require the supervisor's actual involvement in the alleged unconstitutional conduct, but it requires some level of participation. Plaintiff has alleged none. As such, his section 1983 claims against Defendants Weatherford and Troutt in their individual capacities should be dismissed.

### III. PLAINTIFF'S REQUEST TO AMEND HIS COMPLAINT

In his response to Defendants' motion to dismiss, Plaintiff requested time to amend his complaint if the court was considering granting Defendants' motion. (DE 25, p. 8 ¶ 20). Plaintiff did not file a motion to amend, a proposed amended complaint, or otherwise indicate what new information or claims he intended to set forth.

This request should be denied, as "[c]ourts have routinely recognized that such a generic, contingent request is insufficient to obtain leave to amend." *Sims v. City of Columbus*, 2:12-CV-308, 2012 WL 4921148, at *6 (S.D. Ohio Oct. 16, 2012) (referring to *CNH Am. LLC v. Int'l Union, United Auto., Aerospace and Agr. Implement Workers of Am. (UAW)*, 645 F.3d 785, 795 (6th Cir. 2011); *Begala v. PNC Bank, Ohio, Nat. Ass'n*, 214 F.3d 776, 783–84 (6th Cir. 2000)). There is a distinction between a motion for leave to amend a complaint and a Hail Mary request in the party's opposition to a motion to dismiss. *Louisiana Sch. Employees' Ret. Sys. v. Ernst & Young, LLP*, 622 F.3d 471, 486 (6th Cir. 2010) ("A request for leave to amend 'almost as an aside, to the district court in a memorandum in opposition to the defendant's motion to dismiss is . . . not a motion to amend.'") (quoting *Begala*, 214 F.3d at 784); *Begala*, 214 F.3d at 783 ("Plaintiffs *never moved for leave to amend their complaint.* Rather, in opposition to the motions to dismiss, Plaintiffs requested that they be permitted to amend the complaint in the event that the Court found it to be deficient.").

When presented with a motion for leave to amend a complaint that is supplemented with the proposed amendments, the court should consider the proposed amendments prior to considering a motion to dismiss. *Begala*, 214 F.3d at 784; *Ellison v. Ford Motor Co.*, 847 F.2d 297, 300 (6th Cir. 1988). This requirement is inapplicable, however, when the court is not presented with an actual motion to amend at the time it is deciding a motion to dismiss, for parties are "not entitled to an advisory opinion from the Court informing them of the deficiencies of the complaint and then an opportunity to cure those deficiencies." *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 459 (6th Cir. 2013) (quoting *Begala*, 214 F.3d at 784 (emphasis removed)).

As Plaintiff has not filed a motion to amend his complaint or supplied proposed amendments to his complaint, his first amended complaint (DE 1, 6) is properly considered for purposes of Defendants' motion to dismiss.

## IV. RECOMMENDATION

For the reasons stated above, the undersigned **RECOMMENDS** that Defendants' motion to dismiss be **GRANTED** and Plaintiff's section 1983 claims against Defendants Weatherford and Troutt in their official and individual capacities be **DISMISSED**.

Within fourteen (14) days from receipt of this Report and Recommendation, the parties may serve and file written objections to the findings and recommendations made herein. Fed. R. Civ. P. 72(b)(2). Parties opposing the objections must respond within fourteen (14) days from service of these objections. *Id.* Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation may constitute a waiver of further appeal. *Thomas v.*

*Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

  **ENTERED** the 21st day of July, 2014,

                <u>/s/ Joe B. Brown</u>
                Joe B. Brown
                United States Magistrate Judge